OPINION OF THE COURT
CHAGARES, Circuit Judge.
Sergio Garcia-Velazco appeals from an Order of the District Court imposing a sentence of 41 months of imprisonment for illegal reentry following deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). For the reasons set forth below, we will affirm.
I.
Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.
Garcia-Velazco is a Mexican citizen who illegally entered the United States in 1998. On June 19, 2000, Garcia-Velazco was arrested for trafficking heroin, and was subsequently convicted and sentenced to 24 *573 months of imprisonment for the crime. Upon his release in October 2001, Garcia-Velazco was deported to Mexico.
Garcia-Velazco illegally reentered the United States in March 2007. In December 2007, Garcia-Velazco was arrested for aggravated assault. While the charge was ultimately dropped, he was indicted for illegally reentering the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). He pled guilty to the indictment on October 9, 2008.
At sentencing, Garcia-Velazco challenged the constitutionality of § 1326(b)(2), which sets a statutory maximum sentence of 20 years for an illegal reentrant who was previously deported from the United States after an aggravated felony conviction. The District Court rejected this argument. He next requested a downward variance based upon a policy disagreement with Guideline § 2L1.2, which sets the base offense level for unlawful reentry at 8, but instructs courts to add 16 levels if the offender was previously deported after being convicted of a drug trafficking felony. The District Court declined to vary from the Guidelines, and used § 2L1.2 to calculate the applicable Guidelines range as 41-51 months of imprisonment. The District Court then considered all of the § 3553(a) factors, and ultimately imposed a sentence of 41 months of imprisonment— which is at the bottom end of the recommended Guidelines range — and three years of supervised release. The District Court entered a Judgment of Conviction on February 4, 2009, and Garcia-Velazco filed a timely notice of appeal to this Court.
II.
The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We apply a plenary standard of review to a district court’s interpretation of the Sentencing Guidelines, but will review a district court’s findings of fact relevant to the Guidelines for clear error. United States v. Grier, 475 F.3d 556, 570 (3d Cir.2007). We review the sentence imposed by the District Court under an abuse of discretion standard, and will only vacate the sentence if it is unreasonable. Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).
III.
Garcia-Velazco first argues that the District Court erred because it did not believe it had the power to reject a provision of the Guidelines based upon a policy disagreement. In making this argument, Garcia-Velazco relies heavily upon the Supreme Court’s decision in Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), in which the Court held that district courts were within their discretion in sentencing to reject, as a policy matter, certain provisions of the Guidelines concerning sentencing for crimes involving crack cocaine. Garcia-Velazco asserts that here, the District Court disagreed as a policy matter with Guideline § 2L1.2, which provides the relevant Guidelines offense level calculations for those convicted of illegal reentry, but that the District Court erroneously believed it was powerless to sentence outside the Guidelines range. We disagree.
This assertion is based upon the District Court’s statement at the sentencing hearing that it was “not in a position to vary from existing law.” App. 89. Garcia-Ve-lazco confuses this relatively straightforward statement of judicial restraint with an expression of policy disagreement with § 2L1.2. The other statements made at the sentencing hearing show that the District Court “acknowledge^] that the range does have merit in its creation. And of course, *574 it’s advisory.” App. 90. The District Court went on to note that the purpose of the enhancement was to deter those who had been deported after a serious conviction from illegally reentering the United States. App. 91.
Significantly, at no point during the hearing did the District Court say that it actually disagreed with the enhancement provided for in § 2L1.2, or that it believed that a 16-level enhancement was unduly harsh. To the contrary, the District Court noted that “in keeping with 3553(a), I feel that the following sentence is appropriate.” App. 92. The District Court also noted several times that the Guidelines calculation was merely advisory.
Since there is no evidence from the record that the District Court misunderstood its power to differ from the policy embodied by the § 2L1.2 enhancement, or that the District Court felt that the enhancement was not in accordance with the goals of sentencing as set forth in the § 3553(a) factors, we conclude that the District Court committed no error in refusing to accept Garcia-Velazco’s argument that the 16-level enhancement was unfair as a matter of policy.
IV.
Garcia-Velazco next argues that the District Court’s sentence of 41 months of imprisonment is substantively unreasonable because it is disproportionate to the seriousness of his illegal reentry offense. We disagree.
The District Court made the appropriate calculations under the Guidelines and arrived at a sentencing range of 41 to 51 months. The District Court then heard arguments from both sides regarding whether a variance would be appropriate. Although the District Court acknowledged Garcia-Velazco’s “benign motivation” for reentering the United States, App. 90, it still found that the illegal reentry was “a serious offense and it has to be regarded as such,” App. 91. The District Court went on to state that the sentence imposed must promote respect for the law, adequately deter future criminal acts, and protect the public from further criminal acts by Garcia-Velazco. App. 91. Rejecting Garcia-Velazco’s arguments for downward variance, the District Court underscored the danger to society posed by drug trafficking by foreign nationals, and the need for punishment and deterrence of those involved in such activities.
The record demonstrates that the District Court appropriately considered the relevant § 3553(a) factors in imposing the sentence. The court specifically addressed the nature of the offense, the motivation behind the offense, Garcia-Velazco’s background and family situation, and whether the Guidelines recommendation for illegal reentry was unfairly punitive. The 41-month sentence accurately reflects the goals of sentencing for the crime, and there is nothing in the record which would indicate that the particular facts of Garcia-Velazco’s case are so unique as to require a sentence below the Guidelines range in order to be reasonable. We find no cause to disturb the District Court’s reasoned analysis.
V.
Garcia-Velazeo’s final contention on appeal is that the District Court erred in not striking down 8 U.S.C. § 1326(b)(2) as unconstitutional. That section provides that one convicted of illegal reentry who had previously been deported subsequent to an aggravated felony conviction can face up to 20 years of imprisonment. Garcia-Velazco’s contention is that since this section does not require an admission or jury verdict regarding the circumstances of the prior conviction and deportation, it violates defendants’ Sixth Amendment right to *575 have all elements of a crime determined beyond a reasonable doubt by a jury.
Garcia-Velazco acknowledges that there is binding Supreme Court precedent which explicitly upheld the constitutionality of that statute, Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but argues that more recent cases, specifically Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), undermine the basis of the Supreme Court’s prior holding such that if the issue were to be decided by the Court today, the statute would be struck down as unconstitutional. Garcia-Velazco also acknowledges, however, that this Court is foreclosed from making a decision on § 1326(b)(2)’s constitutionality unless and until the Supreme Court overrules its prior decision in Almendarez-Torres, and he merely seeks to preserve this issue for future review.
Since the Supreme Court has explicitly held that § 1326(b)(2) is constitutional, and that holding has not been overruled or abrogated by the Court in the intervening period, we hold that the District Court committed no error in applying that section in sentencing Garcia-Velazco. Because Garcia-Velazeo’s challenge to § 1326(b)(2)’s constitutionality is barred by Almendarez-Torres, we need not reach the Government’s argument that Garcia-Velazco waived his right to challenge the statute when he pled guilty.
VI.
For these reasons, we will affirm the judgment of the District Court.